**Opinion issued December 10, 2019**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-19-00187-CR

_____

**SHANE VINCENT SMITH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 182nd District Court**
**Harris County, Texas**
**Trial Court Case No. 1581902**

## MEMORANDUM OPINION

Appellant, Shane Vincent Smith, was indicted for the felony offense of assault of a family member. *See* TEX. PENAL CODE § 22.01(b)(2). Pursuant to a plea bargain agreement with the State, appellant pleaded guilty to the reduced misdemeanor charge of assault of a family member with an agreed punishment recommendation

of one year of incarceration in county jail. The trial court accepted the plea agreement, found appellant guilty, and assessed his punishment at one year of incarceration in county jail. The trial court certified that this case is a plea-bargain case and appellant has no right of appeal. Appellant filed a notice of appeal and, notwithstanding the trial court's certification, was appointed counsel on appeal. The State has filed a motion to dismiss the appeal for want of jurisdiction. More than ten days have passed and appellant failed to respond to the motion to dismiss. *See* TEX. R. APP. P. 10.3. We grant the motion and dismiss the appeal for want of jurisdiction.

In a plea bargain case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. *See* TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. *See* TEX. R. APP. P. 25.2(d). *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005).

The trial court's certification is included in the record on appeal. The trial court's certification states that this is a plea-bargain case and that appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d); *Dears*, 154 S.W.3d at 615. The record supports the trial court's certification. *See Dears*, 154 S.W.3d at 615. Because appellant has no right of appeal, we must dismiss this appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having

jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we grant the State's motion and dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Landau and Hightower.

Do not publish. TEX. R. APP. P. 47.2(b).

3